# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NOCO COMPANY, | ) | CASE NO. 1:19-cv-1003 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| DOUGLAS CHOW dba VALUBLUE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

The complaint in this action was filed on May 3, 2019. On December 4, 2019, plaintiff perfected service of the complaint upon defendant. (*See* Doc. No. 14.) There is no indication on the docket that defendant filed an answer or otherwise responded to the complaint and plaintiff has not sought entry of default.

The Court ordered plaintiff to show cause in writing by September 30, 2020, why this action should not be dismissed for failure to prosecute. (Doc. No. 15.) Plaintiff, who is represented by counsel, has not responded to the Court's order, sought an extension of time to do so, or taken any other action to prosecute this case.

If a plaintiff fails prosecute an action, the action may be dismissed pursuant to the Court's inherent power and Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.,* 370 U.S. 626, 629–632, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (collecting cases); *see also Alsup v. Int'l Union of*

*Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 902 F.2d 1568 (6th Cir. 1990) ("In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962), the Supreme Court concluded that district courts retain an 'inherent power' to dismiss actions or claims *sua sponte* for lack of prosecution under Rule 41(b).").

Rule 41(b) provides district courts with the power to dismiss an action for failure to prosecute or comply with any order of the court as a tool to effectively manage their docket. *See Knoll v. AT&T,* 176 F.3d 359, 362–63 (6th Cir. 1999); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). When considering dismissal under Rule 41(b), the Court is guided by four (4) factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005).

Applying the relevant factors, the Court finds that dismissal of this action for failure to prosecute is appropriate pursuant to the Court's inherent power and Rule 41(b). *See Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008) (a district court has the authority to dismiss a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), "which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order" and "the court's inherent power to 'protect [] the due and orderly administration of justice, and ... maintain[] the authority and dignity of the court....'" (quoting *Bowles v. City of Cleveland,* 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States,* 267 U.S. 517, 539, 45 S. Ct. 390, 69 L. Ed. 767 (1925))).

First, fault lies with plaintiff, who is represented by counsel, for failing to respond in any way to the Court's show cause order. This matter has been pending since May 2019 and service was perfected upon defendant on December 4, 2019. More than ten (10) months have passed and plaintiff has failed to take any action to prosecute this case. Moreover, plaintiff failed to respond to the Court's show cause order or take any other action despite the Court's specific warning that failure to do so may result in dismissal of this case. Given plaintiff's failure to take any action despite the Court's warning that the case may be dismissed, the Court concludes that a less drastic sanction would not be effective.

Accordingly, this action is dismissed with prejudice pursuant to the Court's inherent power and Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated: October 5, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**